UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARK LAIRD                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 2:15cv67-DPJ-FKB

SUNBELT MANAGEMENT CO. and                                    DEFENDANTS
WOODBRIAR ASSOCIATES, LTD

ORDER

This premises-liability case is before the Court on Defendants' Motion for Partial

Summary Judgment [55].  Because a genuine issue of material fact exists as to Plaintiff's

premises-liability status, the motion is denied.

I.        Facts and Procedural History

On October 3, 2014, while on the premises of Briarwood Apartments ("Briarwood") in

Prentiss, Mississippi, Plaintiff Mark Laird suffered a gunshot wound to the back of the head.

Laird sued Defendants Sunbelt Management Co. and Woodbriar Associates, Ltd, the entities that

own and operate Briarwood, asserting claims for negligence and gross negligence.  Defendants

have moved "for partial summary judgment seeking an adjudication of the Plaintiff's premises

liability status at the time of the subject incident as that of a licensee, and the duty owed to him

by the Defendants as being to refrain from willfully or wantonly injuring him."  Defs.' Mem.

[57] at 2.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.       Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when the

evidence reveals no genuine dispute regarding any material fact and that the moving party is

entitled to judgment as a matter of law.  "'[A] complete failure of proof concerning an essential

element of the nonmoving party's case . . . mandates the entry of summary judgment' for the

moving party." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008)

(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).[1]

The party moving for summary judgment "bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.

The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts

showing that there is a genuine issue for trial.'" *Id.* at 324.  In reviewing the evidence, factual

controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have

submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994) (en banc) (per curiam).

III.    Analysis

"[P]remises liability is a theory of negligence that establishes the duty owed to someone

injured on a landowner's premises as a result of 'conditions or activities' on the land." *Doe v.

Jameson Inn, Inc.*, 56 So. 3d 549, 553 (Miss. 2011) (quoting Black's Law Dictionary 961 (7th

ed. 2000)) (footnote omitted).  Mississippi courts considering a premises-liability case undertake

a three-step analysis under which this Court must determine:  "(1) the status of the injured party,

that is, whether [the plaintiff] was a trespasser, licensee, or invitee; (2) the duty the landowners .

---

[1]In his response, Plaintiff asserts that he "has been denied an opportunity to depose both the property and regional manager of the apartment complex to this point, and discovery is ongoing and therefore this motion is premature." Pl.'s Mem. [61] at 1–2.  But "under Rule 56(d), deferring summary judgment and ordering discovery is appropriate only if the 'nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Mendez v. Poitevent*, No. 15-50790, 2016 WL 2957851, at *7 (5th Cir. May 19, 2016) (quoting Fed. R. Civ. P. 56(d)).  Plaintiff has presented no such affidavit or declaration and has failed to explain why he could not respond to the motion without additional discovery.

. . owed to [the plaintiff] based upon h[is] particular status; and (3) whether the landowners breached their duty of care to [the plaintiff]." *Little by Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998).  At this juncture, Defendants have placed only the first two steps of the analysis in issue.

As to Laird's status on the premises, Defendants assert that Laird was a licensee at the time of the shooting.  While the determination of a plaintiff's status may present a jury question, *see Adams ex rel. Adams v. Fred's Dollar Store of Batesville*, 497 So. 2d 1097, 1100 (Miss. 1986), if "the salient facts are not disputed, it is proper for the Court to determine [the plaintiff's] status . . . as a matter of law," *Handy v. Nejam*, 111 So. 3d 610, 612 (Miss. 2013).  In this case, Defendants assert the undisputed facts show Laird was a licensee at the time of the shooting. Laird, on the other hand, contends that he was an invitee or, at a minimum, that fact questions remain as to his status.[2]

> The general and well-recognized rule in Mississippi is that an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.  On the other hand, a licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner.

*Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 762–63 (Miss. 1989) (citations omitted).  While a landowner owes an invitee "the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and open," a landowner owes a licensee only "a duty to refrain from willfully or wantonly injuring him." *Little*, 719 So. 2d at 760.

---

[2]Laird has not filed a cross-motion seeking to establish invitee status.

Laird raises two theories in support of his argument for invitee status. He first alleges that he lived with his girlfriend Carolyn Longino at Briarwood at the time of the shooting. Alternatively, he claims invitee status because "he entered the premises to bestow a benefit on an established resident . . . ." Pl.'s Mem. [61] at 6. Because Laird has created a question regarding his permanent-resident status, the Court will focus on that issue.

A rent-paying tenant would obviously qualify as the landlord's invitee. *See Price v. Park Mgmt., Inc.*, 831 So. 2d 550, 551 (Miss. Ct. App. 2002) ("It is well settled that a landlord owes his tenants a duty to keep the premises in a reasonably safe condition, and that this duty extends to protecting tenants from the foreseeable criminal acts of others."). But there is no evidence in the present record that Laird was a rent-paying tenant in October 2014. Laird testified that he never signed a lease with Defendants, and both he and Carolyn Longino testified that she never added Laird as an additional tenant on her lease with Briarwood. Laird Dep. [55-1] at 20–21, 23; Longino Dep. [55-2] at 76.

Laird argues that he is nevertheless entitled to invitee status because he lived with Longino at Briarwood. The Mississippi Court of Appeals has held that a long-term resident at an apartment complex—even if not listed on a tenant's lease—is an invitee. *Davis v. Christian Bhd. Homes of Jackson, Miss. Inc.*, 957 So. 2d 390, 400 (Miss. Ct. App. 2007) ("[W]e find the permanent nature of Lucius's residence at CBA prior to his death . . . indicative of invitee status."). The court of appeals's decision in *Davis* was based on two prior Mississippi Supreme Court opinions. *Id.* (citing *Lucas v. Miss. Hous. Auth. No. 8*, 441 So. 2d 101 (Miss. 1983); *Turnipseed v. McGee*, 109 So. 2d 551 (Miss. 1959)). Both parties acknowledge *Davis* as providing the applicable standard.

4

Defendants distinguish *Davis*, asserting that the undisputed facts show Laird was not a "permanent . . . residen[t]" at Briarwood prior to the shooting.  *Davis*, 957 So. 2d at 400.  While there is strong factual support for Defendants' argument, the record as a whole, viewed in the light most favorable to Laird, presents a fact question.

Laird testified that on October 3, 2014, and for the six months prior thereto, he was living with Longino in Briarwood Apartment A-8.  Laird Dep. [55-1] at 16–17.  And while he testified that, due to the stormy nature of his relationship with Longino, he sometimes stayed elsewhere, Laird maintained that prior to October 2014, he "lived there with Caroline."  *Id.* at 83; *see generally id.* at 83–87.  Laird's testimony on this point conflicts with that of Longino, who testified that for the seven to nine months prior to the shooting, Laird "didn't even live with [her] period."  Longino Dep. [55-2] at 82.  And the police report of the shooting incident, as well as Laird's state-issued identification, list Laird's address at locations other than Briarwood.[3]  But the Court may not weigh the evidence on a motion for summary judgment, and Laird has submitted competent summary-judgment evidence that he was a permanent resident at Briarwood at the time of the shooting.  *See C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. Appx 439, 443 (5th Cir. 2011) ("Although arguably 'self-serving,' the affidavits are not wholly conclusory, are based on personal knowledge, and create a fact issue as to the cause of the damage to the equipment.").  This evidence creates a fact issue as to Laird's premises-liability status, so Defendants' motion is denied.

---

[3]Laird has submitted additional affidavits in support of his position that he was a Briarwood permanent resident at the time of the shooting.  *See* Longino Aff. [60-2]; Berry Aff. [60-3]; Rogers Aff. [60-4].  None of those affidavits suggest the length of time Laird resided at Briarwood prior to the shooting, diminishing their relevance.

IV.     Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [55] is denied.

**SO ORDERED AND ADJUDGED** this the 1st day of June, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE